IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:01-CR-77-BO

| | | |
|---|---|---|
| YURI SCOTT | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This cause comes before the Court on petitioner's letter motions arguing that the time remaining on his federal sentence "be decreed time served." [DE 53, 58].

## BACKGROUND

In July 2001, petitioner pleaded guilty, pursuant to a written plea agreement, to two counts of distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(b)(1)(c) and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). [DE 13]. He was sentenced in November 2001 to a 156-month term of imprisonment. [DE 14]. In January 2015, petitioner's supervised release was revoked and he was sentenced to 12 months and one day in prison. [DE 48, 49].

In August 2017, petitioner filed a letter-motion with the Court asking that his "federal detainer" be lifted to permit him to be housed in a minimum-security facility. [DE 53]. In December 2018, petitioner filed another motion asking that the remaining time on his federal sentence be declared time served. [DE 58]. Both motions arise from the fact that petitioner, while serving the remainder of his federal sentence in a halfway house, was arrested and detained on state charges and has been unable to concurrently serve the remaining federal time with his state sentence.

## DISCUSSION

The relief that defendant seeks is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Fundamentally, petitioner is seeking to alter his federal sentence. Except for some limited exceptions which are not applicable here, to attack the validity of a criminal sentence, a defendant must proceed under Section 2255. "[B]y its terms, § 2255 does not allow for a court's consideration and correction of every alleged sentencing error." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (alteration omitted). A petitioner seeking relief under § 2255 must make one of four types of arguments:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

Accordingly, the Court NOTIFIES petitioner of its intent to construe her Rule 52(b) motion as a Section 2255 motion. The clerk is DIRECTED to send to petitioner the necessary forms for filing a motion to vacate in this Court. Petitioner shall either return the Section 2255 forms, confirming his intent to pursue such a motion, or notify the Court of his intent to withdraw his motions not later than February 15, 2018. The Court warns petitioner of the effects of filing a motion pursuant to Section 2255 and advises him as to the requirements of Section 2255. *See Castro v. United States*, 540 U.S. 375, 377, 383 (2003); *see also United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002). Failure to respond to this order will result in dismissal of plaintiff's motions.

## CONCLUSION

For the foregoing reasons, petitioner is ORDERED to confirm his intent to proceed under 28 U.S.C. § 2255 or notify the Court of his intent to withdraw his motions not later than February 15, 2018. Failure to respond to this order will result in the dismissal of petitioner's motions.

SO ORDERED, this 10 day of January, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE